RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE __11 / 13 / 08__
        GB

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| JESUS CARRILLO-LEON | DOCKET NO. 6:05-CR-60073 |
| Fed. Reg. No. 46269-008 | |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

### REASONS FOR JUDGMENT AND JUDGMENT

Jesus Carrillo-Leon filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C.
§2255 on September 17, 2007. He attacks the sentences imposed following his January 18, 2006
guilty plea to possession with intent to distribute cocaine and methamphetamine. For the
following reasons it is ordered that his motion be **DENIED**.

#### *Statement of the Case*

On November 9, 2005, the Grand Jury returned a three-count indictment charging
Carrillo-Leon with possession with intent to distribute cocaine (21 U.S.C. §841(a)(1)),
possession with intent to distribute methamphetamine (21 U.S.C. §841(a)(1)), and reentry of a
deported alien (8 U.S.C. §1326). [rec. doc. 1] In due course, counsel was appointed to represent
him. [rec. doc. 12]

On November 23, 2005 the Government filed Informations of Prior Convictions to
justify imposition of an enhanced sentence on Count Three of the indictment as provided by 8
U.S.C. §1326(b)(2) [rec. doc. 16], and on all counts of the indictment pursuant to 21 U.S.C.
§841(b)(1). [rec doc. 17]

On January 18, 2006 he entered into a plea agreement pleading guilty to counts 1 and 3.
In accordance with the plea agreement, count 2 was dismissed. [rec. docs. 22-24; see also Plea

Transcript] On May 18, 2006 Carrillo-Leon was sentenced to serve concurrent sentences of 188

months on Counts 1 and 3. Based on his convictions in this court, he was also determined to be

in violation of the supervised release ordered by the United States District Court for the District

of Arizona in that court's case number 06-60031-01. As a result, his probation was revoked and

he was ordered to serve 18 months consecutive to the previous sentences of 188 months. [rec.

doc. 29, see also Sentencing Transcript]

On May 24, 2006 Carrillo-Leon filed a Notice of Appeal, and in due course, counsel was

appointed to represent him on appeal. [rec. docs. 31, 33] Court-appointed counsel examined the

record and filed a Motion to Withdraw and an *Anders* brief.[1] On August 30, 2007 the Fifth

Circuit, noting Carrillo-Leon's failure to respond, and, noting that their independent review of

the record revealed no nonfrivolous issues, granted counsel's Motion to Withdraw and dismissed

the appeal. [rec. doc. 49]

On September 17, 2007 Carrillo-Leon filed the instant *pro se* Motion to Vacate pursuant

to 28 U.S.C. §2255. [rec. doc. 48] Carrillo-Leon argues three claims for relief: (1) a due process

violation based on the Court's application of the sentencing guidelines inconsistent with *United*

*States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and, failure of the Court

to provide an "explicit analysis" of the factors justifying a lesser sentence; (2) a Sixth

Amendment violation resulting from the Court's imposition of an "unreasonable sentence" in

violation of *Booker* (*supra*) and the provisions of 18 U.S.C. §3553 and the Court's failure to

consider factors supporting a lesser sentence; and (3) ineffective assistance of counsel based on

---

[1] See *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ("[I]f counsel finds
[the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request
permission to withdraw," filing "a brief referring to anything in the record that might arguably support the appeal.")

counsel's failure to challenge and argue sentencing issues. [rec. doc. 48, pp. 4-5]

### *Law and Analysis*

#### *1. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal,

federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). A defendant may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

*2.Grounds for Relief*

*a. Grounds One and Two – Reasonableness of the Sentence and Booker considerations*

Carrillo-Leon argues that the sentences imposed were unreasonable and that they were imposed in violation of the Supreme Court's decision in *United States v. Booker, supra*. These claims could have been raised on direct appeal.

Nevertheless, as pointed out by the Government, neither claim has merit. Post- *Booker*, the Sentencing Guidelines are no longer mandatory. Booker was decided in 2005; Carrillo-Leon was sentenced on May 18, 2006. At the time of his plea, Carrillo-Leon was advised that sentence recommendations made by either the United States Attorney or by Carrillo-Leon's attorney were not binding on the court, and, that the sentencing guidelines were recommendations and not binding on the court. [Sentencing Transcript, pp. 26-27] Further, the pre-sentence investigation report (PSI) clearly advised that the guidelines were not mandatory. [PSI, ¶92]

Finally, the PSI noted and the undersigned considered that Carrillo-Leon's offense level was 31, and, his criminal history was Category VI. Thus, the guideline range was from 188 to 235 months and the undersigned imposed the minimum recommended sentences. [Sentence Transcript, pp. 9-10; see also PSI]

The record clearly demonstrates this Court's awareness of and adherence to Booker. Thus, to the extent that Carrillo-Leon claims that he is entitled to relief under *Booker*, his claim lacks merit and has no basis in fact or law.

### b. Ineffective Assistance of Counsel

Finally, Carrillo-Leon complains that trial counsel was ineffective for failing to challenge the sentence. In order to prevail on such a claim, Carrillo-Leon must establish (1) deficient performance on the part of trial counsel – in other words, that the complained of actions of counsel fell below an objective standard of reasonableness and, (2) that the deficient performance

prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). Carrillo-Leon offers neither evidence nor argument to establish either prong of the

*Strickland* test. To the contrary, the record establishes that Carrillo-Leon admitted his guilt and

his previous convictions. [Transcript of Plea, pp. 30-40; See also rec. doc. 24-3, Stipulated

Factual Basis for Guilty Plea]

Given that a minimum sentence was imposed, and given that Carrillo-Leon has not

articulated what additional facts or circumstances could have been argued by his attorney, and,

given that counsel did, at least offer some evidence in mitigation [see Sentencing Transcript, pp.

7-8], the undersigned concludes that he has failed to establish either that his counsel's actions

were unreasonable or that they resulted in some prejudice to him.

*3. Conclusion*

Therefore, for the foregoing reasons,

**IT IS ORDERED** that Carrillo-Leon's Motion to Vacate pursuant to 28 U.S.C. § 2255

(rec. doc. 48) be and it is hereby **DENIED**. Signed Nov /2, 2008.

_____
RICHARD T. HAIK, SR.
CHIEF JUDGE